GRIFFIN, J.
 

 James D. Hubbard [“Hubbard”] appeals his convictions and sentences for eleven counts of various forms of sexual abuse of his step-daughter. Eight counts charged Hubbard with sexual battery of a child over twelve but under eighteen by a person in familial or custodial authority. Of these eight counts, counts one, two, and three alleged that Hubbard “caus[ed] his penis to unite with or penetrate the victim’s vagina;” counts five, six, and seven alleged that Hubbard “caus[ed] his penis to unite with or penetrate the victim’s mouth;” count eight alleged that Hubbard “caus[ed] his penis to unite with or penetrate the victim’s anus;” and count nine alleged that Hubbard “caus[ed] his mouth to unite with or penetrate the victim’s vagina.” Count four charged Hubbard with aggravated child abuse, alleging that he “maliciously punish[ed]” the victim. Count ten charged Hubbard with lewd and lascivious exhibition by a defendant eighteen years of age or older, alleging that he “masturbate[d] or expose[d] his genitals in a lewd or lascivious manner or committed] any other sexual act not involving actual physical or sexual contact.” Finally, in count eleven, the State charged Hubbard with use of a child in a sexual performance, alleging that he “employ[ed], authorized] or induced] • ■ • a child less than 18 years of age, to engage in a sexual performance, to-wit: forced the victim to perform oral sex on her mother’s vagina and, or, receive the same from her mother while [he] photographed the acts, knowing the character and content of the performance.”
 

 After trial, the jury found Hubbard guilty of seven counts of sexual battery, one count of child abuse, as a lesser included offense; one count of lewd and lascivious exhibition by a person eighteen years of age or older; and one count of use of a child in a sexual performance. The trial court sentenced Hubbard to life in prison, with three of the sexual battery counts running consecutively, and all remaining counts running concurrently with each other and with the three consecutive counts.
 

 We find no error and affirm on all issues save one. Appellant is correct that the trial court erred in failing to grant the motion for judgment of acquittal on Count eleven because no evidence was offered that Hubbard photographed the victim and her mother having oral sex. While the record shows many photographs were taken of a variety of sex acts involving Hubbard, no evidence matches the allegations in count eleven. Accordingly, we vacate the conviction in count eleven and remand to the trial court for entry of a corrected judgment. Under the circumstances, re-sentencing is not required.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 PALMER, C.J., and SAWAYA, J., concur.